IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 30 AM 10: 41

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| JOAN DENISE HURST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2591 Ml/p |
| | ) | |
| BILLY PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Before the Court is Defendant's Motion for Summary Judgment, filed July 13, 2005. Plaintiff responded in opposition on August 12, 2005. Defendant submitted a Reply on August 29, 2005. For the following reasons, Defendant's motion is GRANTED.

### I. BACKGROUND AND RELEVANT FACTS

The instant case arises from a telephone conversation between Plaintiff and a non-party, Danielle Atchley. Plaintiff alleges that Ms. Atchley recorded the conversation at the behest of Defendant. The material facts of this case are undisputed and are as follows.

Plaintiff and Ms. Atchley spoke by telephone on December 16, 2001. Plaintiff asked Ms. Atchley to tell her about Defendant and fellow police officers during the conversation. Both

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _10-3-05____



Plaintiff and Ms. Atchley tape-recorded the telephone conversation.

Plaintiff alleges that Defendant "intentionally and maliciously caused her private telephone conversations to be audio taped or recorded . . ." (Compl. ¶ 5) and that "Defendant paid [Atchley] $800.00 to tape record Plaintiff . . ." (Pl.'s Statement of Genuine Issues ¶ 4).

Also in December, 2001, Defendant filed a slander lawsuit in state court, alleging that the state court defendants had slandered Defendant and the Gallway Police Department. (Def.'s Mot. for Summ. J. Ex. 3.) On February 18, 2004, Ms. Atchley was deposed in that action. During the course of the deposition, Defendant's attorney played a tape-recording of the December 16, 2001 conversation.

Plaintiff alleges that "[t]he acquired material was intentionally and maliciously disseminated to others by the Defendant for purposes of gaining advantage over other persons, and for purposes of harassing the Plaintiff and causing injury to her character and reputation," (Compl. ¶ 8), and "Plaintiff disputes the fact that . . . the only time Defendant disseminated the contents of the tape was during the Deposition of Danielle Atchley in the state court slander lawsuit," (Pl.'s Statement of Genuine Issues ¶ 7).

Plaintiff contends that Defendant's procurement of a third party to tape-record the conversation and dissemination of that recording violated the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq. ("EPCA"), as well as Tennessee state law, Tenn. Code Ann. §§ 39-13-603 and 40-6-301, and was an invasion of privacy.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989).  In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

-3-

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998).  A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.

## III. ANALYSIS

Defendant moves for summary judgment as to Plaintiff's claims under the ECPA of (1) procuring a third party to intercept a wire communication, and (2) disseminating an intercepted communication.  Defendant also moves for summary judgment on Plaintiff's state law claims.

### A. Interception

The ECPA criminalizes intentional interception, endeavoring to intercept, or *procuring any other person to intercept* or endeavor to intercept any wire, oral, or electronic communication.  18 U.S.C. § 2511(1)(a) (emphasis added).  The ECPA defines "intercept" as "the aural or other acquisition of

-4-

the contents of any wire, electronic, or oral communication
through the use of any electronic, mechanical, or other device."
18 U.S.C. § 2510(4). Telephone conversations are "wire
communications" within the meaning of the statute.  Briggs v.
American Air Filer Co., Inc., 630 F.2d 414, 417 (5th Cir. 1980).
The use of a tape recorder states a claim for interception.  U.S.
v. Murdock, 63 F.3d 1391, 1395 (6th Cir. 1995).  Thus, a person
may be prosecuted for procuring another person to record a
telephone conversation.

The ECPA also provides a private right of action for victims
of such violations.[1]  18 U.S.C. § 2520.  See DirecTV, Inc. v.
McCool, 339 F.Supp.2d 1025, 1035 (M.D. Tenn. 2004) (finding that
§ 2520(a) creates a private cause of action for violations of §
2511); DirecTV, Inc. v. Zink, 337 F.Supp.2d 984, 988 (E.D. Mich.
2004) (same).  The statute creates liability for individuals who
intercept, disclose, or intentionally use wire, oral, or
electronic communications, but does not explicitly create

---

[1] The statute provides:
Except as provided in section 2511(2)(a)(ii), any
person whose wire, oral, or electronic communication is
intercepted, disclosed, or intentionally used in
violation of this chapter may in a civil action recover
from the person or entity, other than the United
States, which engaged in that violation such relief as
may be appropriate.

18 U.S.C. § 2520(a)

liability for parties who procure another person to intercept a
communication.

A review of the statute's history is instructive.  Prior to
1968, the provision authorizing civil damages stated:

> Any person whose wire or oral communication is
> intercepted, disclosed, or used in violation of this
> chapter shall (1) have a civil cause of action against
> any person who intercepts, discloses, or uses, *or
> procures any other person to intercept, disclose, or
> use such communications,* and (2) be entitled to recover
> from any such person [damages, attorney's fees, and
> costs].

18 U.S.C. § 2520 (1970) (emphasis added), quoted in Peavy v.
WFAA-TV, Inc., 221 F.3d 158, 168 (5th Cir. 2000).  However, in
1986, the statute was amended, deleting the "or procures"
language.  See Peavy, 221 F.3d at 168 (internal citations
omitted); infra n.1.

In Peavy, the Fifth Circuit reviewed the statute as it
appeared before and after the amendment, to determine whether the
statute permits a civil action for damages against someone who
procures another to intercept, disclose, or use a communication.
The court found that, in accordance with the plain language of
the statute, the statute no longer creates civil liability for
those who procure another person to intercept a communication.
Peavy, 221 F.3d at 169; see also Oceanic Cablevision, Inc. v.
M.D. Electronics, 771 F.Supp. 1019, 1027 (D.Neb. 1991)   The
Fifth Circuit noted that Congress intends to have a real and
substantial effect when it amends a statute.  Peavy, 221 F.3d at

-6-

168 (citing <u>Stone v. INS</u>, 514 U.S. 386, 397 (1995)).  The court
also noted that Congress retained the "procure" language in the
criminal statute, 18 U.S.C. §2511, and specifically deleted it
only in § 2520.  221 F.3d at 168.  The Court finds the Fifth
Circuit's reasoning in <u>Peavy</u> persuasive and applicable to the
instant matter.

Also instructive are other provisions of the ECPA.  The ECPA
excepts parties to the communication from liability.  Section
2511(2)(d) of the ECPA states, "It shall not be unlawful under
this chapter for a person not acting under color of law to
intercept a wire, oral, or electronic communication *where such*
*person is a party to the communication*  . . . unless such
communication is intercepted for the purpose of committing any
criminal or tortious act in violation of the Constitution or laws
of the United States or of any State."  18 U.S.C. § 2511(2)(d)
(emphasis added).  There is no "interception" when a party to the
conversation records that conversation.  <u>Smith v. Cincinnati Post</u>
<u>and Times-Star</u>, 475 F.2d 740, 741 (6th Cir. 1973) (citing
<u>Flanders v. U.S.</u>, 222 F.2d 163, 167 (6th Cir. 1955)).  The <u>Smith</u>
court noted that "[a] party to a conversation is privileged to
record it."  475 F.2d at 741.  It is undisputed that Ms. Atchley,
and not Defendant, tape-recorded the telephone conversation.  Ms.
Atchley, as a party to the conversation, was privileged to record
the communication, and her tape-recording of the telephone

-7-

conversation, whether or not prompted by Defendant, did not violate the provisions of the ECPA.

Based on the foregoing analysis, the Court finds that even assuming arguendo that Defendant did cause Ms. Atchley to record the telephone conversation, Plaintiff has no private right of action against Defendant.  Thus, the Court finds that there is no genuine issue for trial regarding Plaintiff's procurement claim, and Defendant's motion for summary judgment as to this claim is GRANTED.

### B. Dissemination

A plaintiff may also bring a claim of dissemination under the ECPA.  A person violates the ECPA by intentionally disclosing or using material obtained through the interception of a wire, oral, or electronic communication.  18 U.S.C. § 2511(1)(c) & (d). In order to violate the statute, there must be an unlawful "interception."  However, there is no interception where a party to the conversation records the conversation.  Smith, 475 F.2d. at 741.  If a party to the conversation later disseminates the contents of the conversation, that dissemination is lawful under the ECPA.  "Each party to a conversation, telephonic or otherwise, takes the risk that the other party may divulge the contents of that conversation, and should that happen, there has been no violation of the right of privacy."  Id.  In addition, third-party disclosure of an intercepted communication is not

-8-

prohibited if the interception did not violate the ECPA.  Id.
(holding ECPA did not provide civil liability against newspaper
that published contents of conversation where the recording was
privileged under § 2511(d)(2)); Ferrara v. Detroit Free Press,
Inc., 52 Fed.Appx. 229, 231 (6th Cir. 2002) (unpublished
opinion)[2].

It is undisputed that Ms. Atchley was a party to the
telephone conversation with Plaintiff, and that Ms. Atchley
recorded the conversation.  There was no unlawful interception,
because a party made the recording.  Thus, any later
dissemination of the contents of the conversation by Ms. Atchley
or by any others was also lawful.  Defendant and his attorney
were privileged to use and disseminate the recording.

Moreover, the ECPA explicitly allows for the dissemination
of the contents of an intercepted communication during court
proceedings.[3]   18 U.S.C. § 2517(3).  This provision permits the

---

[2] Although citation to unpublished Sixth Circuit precedents
is disfavored, this case is referred to in the absence of clear
published case law from this circuit "because it establishes the
law governing the present action and 'there is no [Sixth Circuit]
published opinion that would serve as well.'"  Norton v. Parke,
892 F.2d 476, 479 n.7 (6th Cir. 1989).

[3] The relevant provision provides:
Any person who has received, by any means authorized by
this chapter, any information concerning a wire, oral,
or electronic communication, or evidence derived
therefrom intercepted in accordance with the provisions
of this chapter may disclose the contents of the
communication or such derivative evidence while giving
testimony under oath or affirmation in any proceeding

dissemination of the contents of a recording during civil
proceedings.  Smith v. Lipton, 965 F.2d 637, 639 (8th Cir. 1992).
However, as a threshold requirement, the party disclosing the
material must demonstrate that the material was obtained in a
manner authorized under the statute.  Id.

Under this rubric, playing the recording at Ms. Atchley's
state court deposition was clearly privileged.[4]  The state court
deposition is a proceeding held under the authority of the state.
The recording was authorized under the statute, because it was
made by a party to the conversation.  Thus, Defendant and his
attorney were privileged to make the recording public at the
state court deposition and are not subject to civil liability.
Given these facts, no set of circumstances would provide for
civil liability under this statute, and no genuine issue of
material fact exists regarding whether Defendant can be held
liable for disseminating the recording at the state court
deposition.  Accordingly, Defendant's motion for summary judgment
is GRANTED on the claim of dissemination.[5]

---

held under the authority of the United States or of any
State or political subdivision thereof.

18 U.S.C. § 2517(3).

[4] The Court finds no evidence in the record that the
recording was disseminated elsewhere.

[5] Defendant asserts that the statute of limitations also
bars Plaintiff's ECPA claims. Because we grant Defendant's motion
as to all federal claims on the above grounds, the Court does not

-10-

## C. State Law Claims

Plaintiff also asserts state law claims against Defendant under the Wire Tapping and Electronic Surveillance Act of 1994, Tenn. Code Ann. §§ 40-6-301 and 39-13-603, and for invasion of privacy.  Plaintiff asserts that this Court has pendent jurisdiction over these claims pursuant to 28 U.S.C. § 1367.[6] However, subject matter jurisdiction does not exist where supplemental jurisdiction is the only possible basis of jurisdiction.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims [supporting supplemental jurisdiction] are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); see also Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999) ("Given that the district court correctly dismissed the Hahns' federal claims, and with complete diversity of citizenship lacking, it properly rejected

---

address the statute of limitations issue here.

[6] Section 1367 provides, in pertinent part:
[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

supplemental jurisdiction over the state law claims.") (citations omitted); <u>Ahearn v. Charter Township of Bloomfield</u>, 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction . . . .") (citations omitted).

Because Plaintiff's federal claims fail, Plaintiff's state law claims are insufficient to support this Court's jurisdiction. Accordingly, Defendant's motion to dismiss Plaintiff's state law claims is GRANTED.

## IV. CONCLUSION

For the reasons stated, Defendant's motion for summary judgment is GRANTED.  Accordingly, the case is DISMISSED.

So ORDERED this 30 day of September, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

-12-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 26 in
case 2:04-CV-02591 was distributed by fax, mail, or direct printing on
October 3, 2005 to the parties listed.

---

Curt Runger
DOUGLASS & HOOTS
2820 Summer Oaks Drive
Bartlett, TN 38134

Edward J. McKenney
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Ste. 2700
Memphis, TN 38103--255

Honorable Jon McCalla
US DISTRICT COURT